IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Alonza Rufus, ) | |
| ) | Civil Action No. 6:06-3114-GRA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Federal Bureau of Prisons and ) | |
| K. Streasser, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motions to dismiss (doc. nos. 26 and 48). The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The plaintiff originally brought this action against the Federal Bureau of Prisons ("BOP") and "John Doe" defendants, alleging that they violated his constitutional rights with respect to his custody classification at the Federal Correctional Institution ("FCI") located in Williamsburg, South Carolina. Defendant K. Streasser was later added as a defendant. Specifically, the plaintiff asserts he was not classified in accordance with 18 U.S.C. §3621(b)(3) and that staff are improperly considering his original offense behavior rather than the specific violation behavior. He seeks an injunction to correct his classification and unspecified monetary damages for emotional distress.

The plaintiff is currently incarcerated at the FCI located in Yazoo City, Mississippi, having been transferred to that facility from FCI Williamsburg in April 2007. Def.

2nd m. to dismiss, ex. A, SENTRY Sentence Monitoring and Computation Data for plaintiff, p.1. He is serving a 97-month aggregate term of incarceration imposed by the United States District Court for the District of South Carolina. *Id.*, pp. 1-2. This term was imposed for violations of 21 U.S.C. §846 (Conspiracy to Possess with Intent to Distribute 500 grams or more of Cocaine) and 18 U.S.C. § 924(c)(1) (Using and Carrying a Firearm during the commission of a Drug Trafficking crime). Def. 2nd m. to dismiss, ex. B, Judgment and Commitment Order. This sentence was imposed on October 21, 2003. *Id.* It is estimated that the plaintiff will complete service of this term on July 8, 2010, via good conduct release. Def. 2nd m. to dismiss, ex. A, p. 2.

The plaintiff claims that on April 11, 2006, he advised his case manager, defendant K. Streasser, that his prior commitment score was incorrect. Comp., p. 3. He states he was told the score was correct. *Id.* He appealed this decision to the Warden, who advised him that the score was correct. Docket No. 1-3, pp. 2 - 4. The response explained that the prior commitment scoring was based on the original offense (possession of a firearm by a person under 21) for which he received the probation that he subsequently violated. *Id.*, p. 4. The plaintiff appealed that decision to the Regional Director, who explained that the Warden's response was accurate. Docket No. 1-3, pp. 5-6. The plaintiff appealed this decision to the Central Office, where he received yet another explanation. Docket No. 1-3, p. 7-9. In the final response, the National Inmate Appeals administrator explained that the designations process required staff to review the entire background of criminal convictions in order to make a proper assessment. *Id.*, p. 9. Further, in determining the offense behavior for scoring purposes, staff look at the inmate's entire history and use the most severe documented behavior, whether the original offense behavior or the violation behavior, as the basis for the remaining calculations. *Id*. The plaintiff continues to disagree with this application of Bureau of Prisons' policy, and this lawsuit followed.

The defendants BOP and "John Does" filed a motion to dismiss on March 26, 2007 (doc. no. 26). By order filed March 27, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. He did not timely respond to the motion. Subsequently, on May 14, 2007, this court granted the plaintiff's request to add K. Streasser as a defendant to this action. On June 14, 2007, this court gave the plaintiff until July 9, 2007, to file any opposition to the motion to dismiss and again informed the plaintiff that if he failed to file such response, this action would be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and the dismissal would be considered an adjudication on the merits. The plaintiff did not file any opposition to the motion. On September 26, 2007, the defendants filed another motion dismiss or, in the alternative, for summary judgment (doc. no. 48). By order filed September 27, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. He did not timely file any opposition to the motion. On November 21, 2007, this court gave the plaintiff until December 19, 2007, to file any opposition to the motion to dismiss and once again informed the plaintiff that if he failed to file such response, this action would be subject to dismissal. On December 12, 2007, the plaintiff filed a motion asking the court to "stay . . . proceedings in the lower courts," order notaries to perform their duties, and grant him leave from work in order to prepare his case. Once again, the plaintiff failed to file any opposition to the dispositive motion.

## **APPLICABLE LAW AND ANALYSIS**

As matters outside the pleadings have been presented by the defendants and have not been excluded by this court, the motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) shall be treated as one for summary judgment

pursuant to Rule 56.  *See* Fed.R.Civ.P. 12(b)(6).  Rule 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants argue that the plaintiff's allegations fail to state a constitutional claim. This court agrees. Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *Wolff v. McDonnell*, 418 U.S. 539, 558-562 (1974). There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983), and *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975). In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir. 1984) (collecting cases).

The BOP has a classification procedure which, among other things, helps determine where a particular inmate should be housed. This classification procedure is the result of a statutory obligation imposed by Congress on the BOP. That mandate requires:

> The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoner, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the person committed to such institutions.

18 U.S.C. §4081. It has been widely held that this classification procedure is within the discretion of the Attorney General as delegated to the Director of the Bureau of Prisons. *See, e.g., Cohen v. United States*, 151 F.3d 1338, 1343 (11th Cir. 1998).

5

Changing an inmate's prison classification generally does not deprive him of liberty. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), overruled, in part, on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir.1994) (no liberty interest in particular prison classification). Further, even if there were a liberty interest implicated by the prison classification, no action can lie for a due process violation unless the restriction is an "atypical and significant hardship" that was related to the "ordinary incidents of prison life." *See Sandin*, 515 U.S. at 484 (holding that state-created liberty interests are generally limited to restriction imposing atypical and significant hardships in relation to the ordinary instances of prison life). Based upon the foregoing, the plaintiff has failed to state a claim.

The plaintiff also appears to claim that defendant Streasser was negligent in her application of BOP policy to him. As argued by the defendants, mere negligence or carelessness by a correctional officer does not constitute a constitutional violation. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 330-33 (1986) (as a matter of plain constitutional text, no "deprivation" occurs on account of official negligence).

The plaintiff has failed to raise an issue of material fact on his claims. Accordingly, summary judgment is appropriate.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' motions (doc. nos. 26 and 48) be granted. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motions for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

December 21, 2007
Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

6